# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ELENA HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-05007-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING IN PART AND REMANDING IN PART THE COMMISSIONER'S DECISION

Plaintiff Elena Hickman ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of fibromyalgia, polysubstance abuse and dependence, adjustment disorder, bipolar disorder, posttraumatic stress disorder, delirium secondary to alcohol withdrawal, major depressive disorder, and generalized anxiety disorder. The ALJ further found given her residual functional capacity ("RFC"), age, education, and work experience, no jobs exist in significant numbers in the national economy that Plaintiff can perform. However, the ALJ found that if Plaintiff stopped the substance use, she would have the RFC to perform light work.

After carefully reviewing the record and the parties' arguments, the Court finds remand is necessary on the narrow issue of workplace limitations. The Commissioner's decision is REMANDED for further proceedings consistent with this Order.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

The procedural history of this case is quite extensive and bears recounting. On August 17, 2009, following a hearing, an ALJ found that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 24, 2010, and Plaintiff appealed to this Court. On June 1, 2011, Defendant filed a motion to remand pursuant to sentence 6 of § 205(g) of the Act ("Sentence 6 Remand"), because the recording of the administrative hearing was inaudible. *See* 42 U.S.C. § 405(g). On July 8, 2011, this Court remanded the claim to the Social Security Administration ("SSA") for the ALJ to conduct a de novo hearing.

On January 13, 2012, the Appeals Council vacated the ALJ's August 2009 decision and remanded the case for the ALJ to offer Plaintiff the opportunity for a hearing. An ALJ held a hearing on December 6, 2013, at which time the ALJ noted that Plaintiff's counsel had withdrawn from the case earlier that year. At the hearing, Plaintiff requested a continuance so that she could obtain a new representative. The hearing was rescheduled for February 21, 2014, but Plaintiff did not appear. On February 26, 2014, the ALJ dismissed Plaintiff's claim for her failure to report for the rescheduled hearing.

Plaintiff did not appeal this determination. However, in early 2015, through a routine review of pending matters, SSA discovered a procedural anomaly and again requested a Sentence 6 Remand. Although the regulations permit an ALJ to dismiss a claim for a claimant's failure to report for a hearing without good cause, 20 C.F.R. §§ 404.957(b) and 416.1457(b), the ALJ may not do so in a case that has been remanded by a court under a Sentence 6 Remand. *See* Program Operations Manual System (POMS) GN 03106.036(C)(3)(a), https://secure.ssa.gov/

apps10/poms.nsf/lnx/0203106036 (last visited June 13, 2018). Instead, the ALJ should have issued a decision on the record. *Id.*

On March 11, 2015, the Court granted Defendant's motion for a Sentence 6 Remand, and the Appeals Council again vacated the ALJ's decision and remanded the claim to an ALJ for further proceedings. The Appeals Council noted that Plaintiff had subsequently filed claims for disability benefits and SSI in March 2014 and March 2015, and directed the ALJ to consolidate consideration of all of Plaintiff's claims.

The ALJ held another hearing, and on January 25, 2017, issued a decision ultimately finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review, leaving the ALJ's decision as the final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Medical expert, Susan Pelzer, Ph.D. ("Dr. Pelzer") issued an opinion regarding Plaintiff's mental functioning both with and without the presence of alcohol abuse. In response to the question "identify the most that the claimant can still do in a work setting on a sustained basis," Dr. Pelzer stated, "Claimant is capable of simple and detailed work when sober. I would not recommend forced pace work or work that involved contact with the public. The work would have occasional contact with co-workers and supervisors." R. at 1944. The ALJ found Dr. Pelzer's opinion was well-reasoned and supported by the totality of the objective evidence. R. at 906. The ALJ gave Dr. Pelzer's opinion great weight and found her conclusions the most compelling of the opinion evidence in the record. *Id.*

The ALJ found Plaintiff's RFC limited her to simple routine tasks in an occupation that does not require her to interact with the general public. The ALJ posed a hypothetical to an impartial vocational expert ("VE") with these same limitations. Based on this hypothetical the ALJ found there were jobs in the national economy a person with those limitations could perform.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff argues the ALJ erred when he gave Dr. Pelzer's opinion great weight, yet failed to incorporate the limitations of forced pace work and interactions with co-workers and supervisors into Plaintiff's RFC.

Where an ALJ assigns great weight to an opinion, he must give an explanation if he then disregards portions of the opinion in formulating the RFC. *Gann v. Berryhill*, 864 F.3d 947, 952-953 (8th Cir. 2017) (remanding where the ALJ afforded significant weight to two medical opinions, but failed to include all the limitations into the hypothetical posed to the VE). Although an ALJ is not required to discuss every piece of evidence in the record, he must address the probative evidence and explain the reasons for rejecting it. *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995) ("Initial determinations of fact and credibility are for the ALJ, and must be set out in the decision . . . we cannot speculate whether or why an ALJ rejected certain evidence.").

Here, the ALJ does not discuss Dr. Pelzer's opinions regarding forced pace work and interactions with co-workers and supervisors. Neither is there a discussion of another opinion finding Plaintiff does not suffer from these limitations. The Court cannot determine whether the ALJ considered these limitations when formulating the RFC. Based on this void in the record, the Court is also unable to determine whether the hypothetical posed to the VE was properly formulated, and for that reason this case must be remanded. *See Gann*, 864 F.3d at 952 (finding "[t]estimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question. Unless the hypothetical question comprehensively describes the limitations on a claimant's ability to function, a vocational expert will be unable to accurately assess whether jobs do exist for the claimant.") (internal quotation marks and citations omitted).

On remand, the ALJ should discuss Dr. Pelzer's opinions on forced pace work and occasional contact with co-workers and supervisors.  If the ALJ determines those limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.

## Conclusion

For the reasons discussed above, the Commissioner's decision is remanded for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:   July 26, 2018               /s/ Greg Kays
                                    GREG KAYS, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT